UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV2010 (EBB) |
| | : | |
| $596,013.77 AND $855,000.00 | : | |
| IN UNITED STATES CURRENCY | : | |
| SEIZED FROM ACCOUNT NUMBER | : | |
| 6372128044, HELD IN THE NAME OF | : | |
| GREENSTEIN, STARR, GERSTEIN, | : | |
| AND RINALDI, AS ESCROW AGENTS | : | August 8, 2007 |
| FOR ENDURANCE INVESTMENTS | : | |
| LIMITED, AT BANK OF NEW YORK, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM IN SUPPORT OF
MOTION FOR DECREE OF FORFEITURE

The Plaintiff, United States of America, hereby submits this memorandum in support of its Motion for Decree of Forfeiture, which motion has been filed pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

On October 17, 2000, a Verified Complaint of Forfeiture was filed for the forfeiture of $596,013.77 and $855,000.00 in United States Currency seized from account number 6372128044, held in the name of Greenstein, Starr, Gerstein and Rinaldi, as Escrow Agents for Endurance Investments Limited, at Bank of New York (Currency Defendants), on behalf of the plaintiff, United States of America. The Complaint alleges that the Currency Defendants were involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and that the Currency Defendants constitute or are derived from proceeds traceable to an offense constituting

"specified unlawful activity" in violation of 18 U.S.C. §§ 1341 and 1343, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

All known potential claimants believed to have an interest in the Currency Defendants have been notified of this action.  The Plaintiff, United States of America, has resolved the claims of the various claimants by agreement, or by default where no claims or answers were filed.  The full procedural history is set forth in the proposed Decree of Forfeiture submitted herewith.

The claims of the remaining seven (7) victim insurance companies,[1] which were defrauded by Martin Frankel, were recently resolved by Stipulation.  The United States and the Receiver-Claimants, who represent the seven (7) insurance companies, entered into a Stipulation on June 21, 2007.  Pursuant to the Stipulation, the Receiver-Claimants agreed to the forfeiture of the Currency Defendants, and the United States agreed to distribute to the Receiver-Claimants the net proceeds of the assets in this case, less costs, pursuant to the agreed upon pro rata distribution as set forth in the Stipulation.

At the time of seizure, the Internal Revenue Service Criminal Investigation deposited the Currency Defendants into the Treasury Department's Seized Asset Suspense Account, which is an interest bearing account where the funds have accrued and continue to accrue interest.  In the Stipulation between the United States and the Receiver-Claimants, the parties have stipulated

---

[1] The seven (7) insurance companies and their respective pro rata shares are as follows: (1) Franklin Protective Life Insurance Company (4.10%), (2) Family Guaranty Life Insurance Company (6.99%), (3)  Farmers and Ranchers Life Insurance Company (2.30%), (4) First National Life Insurance Company of America (54.78%), (5) Franklin American Life Insurance Company (8.00%), (6) Old Southwest Life Insurance Company (1.75%), and (7) International Financial Services Life Insurance Company (22.08%).

that the Receiver-Claimants shall file a separate motion to the Court requesting the payment of accrued interest on the assets seized and held by the Internal Revenue Service Criminal Investigation on the same pro rata basis set forth in the Stipulation.

This Stipulation is based upon the Petition for Remission or Mitigation of Forfeiture filed by the Receiver-Claimants, and which was granted by the Department of Justice pursuant to its regulations.  See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9.  The Petition for Remission or Mitigation of Civil and Criminal Forfeiture procedures authorize the United States Attorney General to transfer or restore forfeited property to victims of fraud once the property is ordered forfeited to the United States.  Here, the Attorney General has authorized the transfer of these assets to the victim Receiver-Claimants upon entry of decree of forfeiture.

The Receiver-Claimants concur with the relief sought by this motion and are in agreement with the language of the proposed Decree of Forfeiture.  In that all the claims filed in this case have been resolved, except the issue of distribution of interest accrued on assets seized by the Internal Revenue Service Criminal Investigation, the United States respectfully requests that its Motion for Decree of Forfeiture be granted so that the Currency Defendants in this case

may be returned to the victims pursuant to the granted Petition for Remission. A proposed Decree of Forfeiture is submitted herewith.

                                              Respectfully submitted,

                                              PLAINTIFF,
                                              UNITED STATES OF AMERICA

                                              KEVIN J. O'CONNOR
                                              UNITED STATES ATTORNEY

                                              _____

                                              JULIE G. TURBERT
                                              ASSISTANT U.S. ATTORNEY
                                              ATTORNEY BAR # ct23398
                                              157 CHURCH STREET
                                              NEW HAVEN, CT 06510
                                              TEL. (203) 821-3700
                                              FAX (203) 773-5373
                                              Email: Julie.Turbert@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Memorandum in Support of Motion for Decree of Forfeiture has been sent via electronic mail on this 8th day of August, 2007, to:

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, Oklahoma 73013-3018
email: sloving@lldlaw.com

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
email: dschmidt@blackwellsanders.com
email: tsummers@blackwellsanders.com

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203
email: acampbell@wyattfirm.com

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, Connecticut 06510
email: dskalka@npmlaw.com

Charles G. Copeland, Esq.
Janet G. Arnold, Esq.
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157
email: gcopeland@cctb.com
email: Jarnold@cctb.com

James A. Lenes, Esq.
9 Grove Street
Ridgefield, CT 06877
email: jlenes@Leneslaw.com

and by first class mail to:

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

 

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY